In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00146-CR

                                                ______________________________

 

 

                               ROBERT WESLEY PRESTON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 3rd Judicial District Court

                                                         Henderson
County, Texas

                                                          Trial Court
No. C-16,768

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Robert
Wesley Preston appeals his conviction for possession of methamphetamine, four
grams or more, but less than 200 grams.[1]  See
Tex. Health & Safety Code Ann.
§ 481.115(d) (Vernon 2010).  The State
agreed to abandon another count charging possession with intent to deliver the
same amount of methamphetamine, a first degree felony,[2] and
two enhancement paragraphs.[3]  The trial court sentenced Preston to
seventeen years’ imprisonment.  

            Preston’s
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail; counsel goes on to suggest three possible appellate
points, and why those points would not be successful.  We agree with counsel’s research and
interpretation of the record and applicable law.  Specifically: 
The record establishes Preston pled guilty to a second degree felony
offense knowingly and voluntarily,[4]
so it could not be said the trial court abused its discretion in finding
Preston guilty.  Evidence Preston was in
possession of methamphetamine a few months after the charged offense, while he
was free on bond for that offense, was admissible as punishment evidence.[5]  See
Tex. Code Crim. Proc. Ann. art.
37.07, § 3(a)(1) (Vernon Supp. 2010). 
Finally, counsel points out there is sufficient evidence in the record
supporting a finding of guilt beyond a reasonable doubt.  In addition to Preston’s plea of guilty,
there is a signed stipulation of evidence and judicial confession and waiver of
right to jury trial; and the offense report describing the laboratory and drugs
found was admitted as evidence.  

            Counsel
has provided a professional evaluation of the record demonstrating why, in
effect, there are no arguable grounds to be advanced.  This meets the requirements of Anders v. California, 386 U.S. 738, 744
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).  Additionally, this Court has reviewed the
record and finds no reversible error.  See Anders,
386 U.S. at 744; Bledsoe v. State,
178 S.W.3d 824, 826–827 (Tex. Crim. App. 2005). 


            Counsel
mailed a copy of the brief to Preston on January 28, 2011, informing Preston of
his right to file a pro se response and of his right to review the record.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  Preston has filed no pro se response.

            Having found no genuinely arguable
issue for appellate review, we find the appeal to be frivolous.  Consequently, we affirm the judgment of the
trial court.[6]

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          May 16, 2011

Date Decided:             May 18, 2011

 

Do Not Publish

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann. § 73.001
(Vernon 2005).  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex. R. App. P. 41.3.

 





[2]See Tex.
Health & Safety Code Ann. § 481.112(d) (Vernon 2010).  

 





[3]See Tex.
Penal Code Ann. § 12.42(d) (Vernon Supp. 2010).

 





[4]Based
on statements and arguments by his attorney, Preston’s strategy was to get the
trial court to place Preston on community supervision.  See
Tex. Code Crim. Proc. Ann. art.
42.12, § 3 (Vernon Supp. 2010).

 





[5]The
deputy at the scene on the day of the extraneous offense identified Preston as
one of the men who ran from the deputy; a rock of methamphetamine was found on
the ground along the route the men ran. 
This incident occurred on Preston’s property, the same location where he
had earlier been found present in the midst of a methamphetamine laboratory
(which incident was the basis of the second degree felony to which Preston pled
guilty, i.e., the instant offense).  





[6]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant
must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for discretionary review should
comply with the requirements of Rule 68 of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P.
68.